h BROWN, J.,
Concurring.
I concur but for the following substantive reasons. In denying our certified question, the Supreme' Court specifically *1252 stated that the present matter does not involve the disciplinary authority of the court but “eligibility requirements” to run for office. Before us is the validity of Supreme Court Rule 23 § 26 that renders a former judge, who was removed from office but not disbarred or suspended from •the practice of law, ineligible to be a candidate for judicial office. La. Const, art. V, § 25(C) grants only the power to remove, suspend, censure or retire.
There is no authority for the Supreme Court to set by rule qualifications for running for office. Once an individual has been removed from judicial office, he no longer is a judge, and is no longer subject to judicial disciplinary actions; however, he is still subject to other disciplinary action against him concerning his license to practice law. See La. Const, art. XXIII, § 25(D). In this case Jefferson’s license to practice law was not revoked. The Supreme Court is not authorized by the constitution or legislature to set “eligibility requirements” for judicial offices. Because Jefferson meets the qualifications set by law, I agree that the trial court’s judgment must be set aside.